UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON MARKS,

    Petitioner,                     Civil No. 2:06-CV-14325
                                     HONORABLE NANCY G. EDMUNDS
v.                                  UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Leon Marks, ("Petitioner"), presently confined at the Macomb Correctional Facility in New Haven, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for one count of second-degree murder, M.C.L.A. 750.317. For the reasons stated below, the petition for writ of habeas corpus is summarily dismissed.

### I. Background

Petitioner was originally charged with four counts of second-degree murder. On May 18, 2004, the Wayne County Circuit Court judge granted petitioner's motion to suppress his statement that he made to the police. The Michigan Court of Appeals denied the prosecutor's application for leave to appeal. *People v. Marks,* No. 256029 (Mich.Ct.App. July 2, 2004). In lieu of

1

granting leave to appeal, the Michigan Supreme Court remanded the case back to the Michigan Court of Appeals for consideration as on leave granted. *People v. Marks,* 471 Mich. 876; 688 N.W. 2d 499 (2004). On remand, the Michigan Court of Appeals reversed the trial court's decision to suppress petitioner's statement and remanded the matter for further proceedings. *People v. Marks,* No. 257916 (Mich.Ct.App. March 15, 2005); *lv. den.* 474 Mich. 871; 703 N.W. 2d 803 (2005).

On remand, petitioner pleaded guilty to one count of second-degree murder pursuant to a plea bargain. On December 2, 2005, petitioner was sentenced to fifteen to thirty years in prison.

On September 14, 2006, petitioner filed a petition for writ of habeas corpus with the U.S. District Court for the Eastern District of Michigan, in which he challenged his 2005 conviction for second-degree murder by raising the following claim:

> The trial court did not abuse its discretion when it granted petitioner's motion to suppress petitioner's statement where the testimony indicated that *Miranda* warnings were not administered despite the fact that two armed officers were guarding petitioner's hospital room and he was not free to leave.

This petition is currently pending before Judge Victoria A. Roberts. *Marks v. Wolfenbarger*, U.S.D.C. No. 2:06-CV-14046. A decision has not yet been rendered in that case.

On September 29, 2006, petitioner filed the instant petition with this Court, in which he challenged the same conviction and sentence for second-degree

murder that he is challenging in Judge Roberts' case and raised the same identical claim that he has presented in the petition before Judge Roberts.

## II. Discussion

The instant petition for writ of habeas corpus must be dismissed because it is duplicative of the petition pending before Judge Roberts.

A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)(internal citations omitted). Petitioner's current habeas petition is subject to dismissal as being duplicative of his still pending first habeas petition, because both cases seek the same relief. *Id.* Because petitioner challenges the same conviction in both petitions and raises the same claim, the Court will dismiss this second petition as being duplicative. *See, e.g.*, *Daniel v. Lafler,* 2006 WL 1547772, * 1 (E.D. Mich. June 1, 2006); *Flowers v. Trombley*, 2006 WL 724594, *1 (E.D. Mich. March 17, 2006); *Harrington v. Stegall,* 2002 WL 373113, * 2 (E.D. Mich. February 28, 2002); *Colon v. Smith*, 2000 WL 760711, * 1, fn. 1 (E.D. Mich. May 8, 2000); *See also Davis v. U.S. Parole Com'n*, 870 F. 2d 657, 1989 WL 25837, * 1 (6th Cir. March 7, 1989)(district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition, where the district court finds that the instant petition is essentially the same as the earlier petition).

In the present case, the instant petition challenges the same conviction and

raises the same claim and makes the same legal arguments as the petition in the case pending before Judge Roberts. A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000). This Court is therefore permitted to take judicial notice of its own court documents and records in determining that the current habeas petition is duplicative of the previously filed application for habeas relief. *Harrington v. Stegall,* 2002 WL 373113, * 2. Accordingly, this petition for writ of habeas corpus will be dismissed.

### III. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED.**


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 3, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 3, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager